NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHERYL YOUNG,

Plaintiff-Appellant,

v.

PETE BUTTIGIEG,

Defendant-Appellee.

No.    23-15219

D.C. No.
3:19-cv-01411-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted October 23, 2024[**]
San Francisco, California

Before:  WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Cheryl Young appeals pro se from the district court's summary judgment in favor of Secretary of Transportation Pete Buttigieg in her action alleging constructive discharge based on age and race in violation of Title VII of the Civil

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA) and alleging non-selection based on age in violation of the ADEA. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo a district court's grant of summary judgment." *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012). "A district court's compliance with local rules is reviewed for an abuse of discretion." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (internal citation and quotation marks omitted). We affirm.

The magistrate judge properly granted summary judgment on the constructive-discharge claim because Young did not establish a prima facie case that her working conditions were objectively intolerable when the Department of Transportation offered her the voluntary retirement payment in 2015. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010) ("We analyze plaintiffs' Title VII claims through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)."); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (applying same framework to ADEA claims); *Lawson v. Washington*, 296 F.3d 799, 805 (9th Cir. 2002) (internal citation omitted) ("A constructive discharge [actionable under Title VII] occurs when a person quits [her] job under circumstances in which a reasonable person would feel that the conditions of employment have become intolerable."); *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (applying same standard to ADEA claims).

The magistrate judge properly granted summary judgment on the non-selection claim because Young did not establish a prima facie case that the Department of Transportation discriminated against her on the basis of age when it did not consider or select her for two positions, at lower grades of the federal government's General Schedule classification and with different job responsibilities, over the position that the Department specifically created for and offered to her to comply with the Equal Employment Opportunity Commission's order.[1] *See Shelley*, 666 F.3d at 608 (stating elements of an ADEA non-selection claim).

The magistrate judge did not abuse his discretion in denying Young's motion for leave to file a sur-reply in response to Secretary Buttigieg's summary-judgment motion because the magistrate judge determined that no further briefing was required. *See* N.D. Cal. Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."); *Bias*, 508 F.3d at 1223 ("Broad deference is given to a district court's interpretation of its local rules."). The magistrate judge determined, during a hearing on the motions and in the order denying Young's motion, that Secretary Buttigieg's reply did not contain

---

[1] To the extent that Young roots her non-selection claim in the alleged denial of a specific role that she preferred—project manager of the Airline Performance and Economic Information System—her claim falters because the record reflects that such a position did not exist. *See Chavez v. Tempe Union High Sch. Dist.*, 565 F.2d 1087, 1091 (9th Cir. 1977) ("[T]he failure to prove the existence of a job opening is a fatal defect in a prima facie case" under *McDonnell Douglas.*).

any new issues. Additionally, the magistrate judge generally ruled in Young's favor on the evidentiary issues. Under these circumstances, the magistrate judge did not abuse his discretion. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018) ("[W]e give great deference to a district court's interpretation of its own local rules" because "a court that creates a rule is in the best position to apply it to the circumstances of particular cases.").

Young waived any argument that the magistrate judge abused his discretion in denying her motion to retax costs because her opening brief did "not specifically and distinctly raise[] and argue[]" why this ruling was in error separate from the magistrate judge's summary-judgment decision. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**